**Dalbir SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72400.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 10, 2008.

Ashwani K. Bhakhri, Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kurt B. Larson, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Dalbir Singh, a native and citizen of India, petitions for review of a Board of Immigration Appeals' decision that adopted and affirmed the order of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination. Because credibility findings based on demeanor are given special deference, we defer to the IJ's demeanor finding. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999). Further, despite claiming to have been active in politics, Singh lacked basic knowledge regarding the political candidate he supported. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir. 2004). In the absence of credible testimony, Singh also failed to submit sufficient corroborating evidence to support his claim. *See* 8 U.S.C. § 1252(b)(4); *see also Sidhu v. INS,* 220 F.3d 1085, 1092 (9th Cir.2000). Therefore, Singh's asylum claim fails.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Because Singh failed to meet the lower standard of proof required to establish eligibility for asylum, he necessarily failed to show that he is entitled to withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Singh also failed to show that he qualifies for CAT relief, because he presented no evidence beyond his discredited testimony that demonstrates it is more likely than not that he would be tortured if removed to India. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**